**Clarence H. HAILES, Plaintiff-Appellant,**

v.

**UNITED AIR LINES, Defendant-Appellee,**

**Equal Employment Opportunity Commission, Intervenor-Amicus Curiae.**

**No. 71–2860.**

United States Court of Appeals, Fifth Circuit.

July 19, 1972.

---

Charles H. White, Field Atty., E.E.O.
C., New Orleans, La., David L. McComb,
New Orleans, La., for plaintiff-appel-
lant.

Chaffe, McCall, Phillips, Burke, Toler
& Sarpy, Leon Sarpy, David McComb,
New Orleans, La., for defendant-appel-
lee.

Before JOHN R. BROWN, Chief
Judge, and RIVES and CLARK, Circuit
Judges.

CLARK, Circuit Judge:

Plaintiff-appellant, Clarence
Hailes, filed this Title VII lawsuit (42
U.S.C.A. § 2000e et seq.) alleging sex
discrimination on the part of United Air
Lines (United) in placing a newspaper
advertisement for stewardesses under
the "Help Wanted—Females" column.
Although the facts of this case are defi-
nite and can be simply stated, the legal
result is a novel one in this Circuit.[1]

1. United seeks dismissal of the present
action on account of the active participa-
tion as counsel for Hailes of attorneys
employed on a full-time basis by the

Equal Employment Opportunity Commis-
sion at both the trial and appellate level.
The writer of this opinion alone is of the
opinion that such participation was im-

■ On November 25, 1967, United Air Lines placed the above mentioned advertisement in a New Orleans newspaper, but placed no corresponding advertisement under the "Help·Wanted—Male" column. Hailes read this advertisement and subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Hailes never applied for the job of stewardess (or cabin attendant), nor did he communicate in any way with United. By letter dated March 3, 1971, the EEOC advised Hailes that conciliation efforts had failed and that he had 30 days in which to file a civil action. Hailes filed this action on March 31, 1971, charging United with violation of 42 U.S.C.A. § 2000e–3(b) (1970).[2] This appeal eventuates from the district court's dismissal without written opinion for lack of subject matter jurisdiction and for failure to state a claim.

■ The first question which must be answered is whether Hailes is an "aggrieved" person under the Act. 42 U.S.C.A. § 2000e–5(e). In the context of this case, the types of advertisement sought to be proscribed by this subsection are those, which by their expression of preference for one sex, effectively inhibit members of the opposite sex from seeking employment with the company inserting the advertisement. United takes the position that since Hailes did not apply for employment he cannot be aggrieved. But this position requires too much. The very appearance at an employer's offices of one who had read the discriminatory ad but nevertheless continued to seek the job, would demonstrate that the reader was not deterred by this unlawful practice and therefore not aggrieved. Thus, if we were to hold that Hailes cannot challenge this advertisement, then nobody could ever complain of this practice which Congress has so directly proscribed. However, we refuse to rule that a mere casual reader of an advertisement that violates this section may bring suit. Cf. Jordan v. Montgomery Ward & Co., 442 F.2d 78, 80 (8th Cir. 1971). To be aggrieved under this subsection a person must be able to demonstrate that he has a real, present interest in the type of employment advertised. In addition, that person must be able to show he was effectively deterred by the improper ad from applying for such employment. Hailes' pleadings are facially sufficient to demonstrate his compliance with these requirements according to the complaint, he had (previously) read a similar advertisement by another airline, and when he applied for the position, he was turned away because of his sex. Thus, he alleges, he reasonably believed that any job application to United would be similarly futile. For these same reasons, we find no merit in United's contention that these facts present no "case or controversy" within the court's constitutional jurisdiction. We hold that, liberally construed as they must be, Hailes' allegations were sufficient to state a justiciable claim. Cook & Ni-

---

permissible under the Act and was improper. The panel is however unanimously of the view that such action does not warrant dismissal of Hailes' complaint.

2. "It shall be an unlawful employment practice for an employer, labor organization, or employment agency to print or publish or cause to be printed or published any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, indicating any preference, limitation, specification, or discrimination, based on race, color, religion, sex, or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, or national origin when religion, sex, or national origin is a bona fide occupational qualification for employment." It is settled law in this Circuit that female sex is not a bona fide occupational qualification for the position of airline cabin attendant. Diaz v. Pan American World Airways, Inc., 442 F.2d 385 (5th Cir. 1971).

chol, Inc. v. Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

If the district court's dismissal was based on the conclusion that United's advertisement did not violate this subsection, it is equally erroneous. Despite the fact that the ad states that United is an Equal Opportunity Employer, the tendentious selection of the feminine term, "stewardesses", and the placing of the ad in the "Help Wanted—Female" column without a corresponding ad in the "Help Wanted—Male" column so plainly indicates a preference for females it cannot be neutralized by the self-conferred title of "Equal Opportunity Employer."

The cause must be remanded for factual development by trial or otherwise,[3] and a determination by the district court of whether Hailes was reasonably inhibited in violation of his Title VII rights from seeking employment with United. That decision is of course for the trial court to make in the first instance; however, sound judicial husbandry dictates we now state that in the present setting Hailes need not prove that the other airline involved refused him employment because of his sex. He could still prevail if he presented sufficient evidence of sex discrimination by the other airline to inculcate a reasonable belief on his part that applying to United was a futile gesture, just as if he proved by any other evidence that he was effectively deterred by the United advertisement from applying for such employment with them.

If Hailes does prove his allegations on this point, then the district court should then proceed to consider appropriate relief. That court should consider that the broadest relief available for a violation of this subsection would be an injunction restraining the publication of advertisements such as the one in question and affirmatively requiring United to consider any job application Hailes may choose to promptly submit. Should Hailes prove his contention, it would be

proper under the act to so limit his relief. Cf. LeBlanc v. So. Bell Tel. & Tel. Co., 460 F.2d 1228 (5th Cir. 1972). However, we do not direct any particular form of order at this time since this decision is also one initially committed to the sound discretion of the district court.

The judgment of dismissal is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

---

3. Hines v. Delta Air Lines, 461 F.2d 576 (5th Cir. 1972).