**Etta Ruth STROUD, Plaintiff-Appellant,**

v.

**DELTA AIR LINES, INC.,**
**Defendant-Appellee.**

**No. 76–2130**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Rehearing and Rehearing En Banc Denied
Feb. 23, 1977.

David Crosland, Robert H. Stroup, Atlanta, Ga., for plaintiff-appellant.

Gordon Dean Booth, Jr., J. Stanley Hawkins, Frederick E. Link, Sidney F. Davis, Law Dept., Delta Air Lines, Inc., Hartsfield Atlanta, Atlanta, Ga., for defendant-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

After a trial before the district court, relief was denied in this Title VII suit. In affirming, we find it necessary to consider only one issue which was not discussed by the district court.

From 1956 until April 1965, plaintiff, a female, had been employed by defendant Delta Air Lines (Delta) as a stewardess. Under Delta's policy forbidding the employment of any married woman as a stewardess, plaintiff's imminent marriage required her to resign her position. This policy was eliminated in March 1971. The several different alleged instances of discrimination, which occurred when plaintiff sought to be rehired by Delta, are described in the district court's orders of March 12, 1975, and

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

April 2, 1975, 392 F.Supp. 1184 (N.D.Ga. 1975). In each except the last, when her denial of employment purportedly was due to the fact she had filed the sex discrimination suit against Delta which now is before us on appeal, a fundamental aspect of her complaint was that Delta violated Title VII by refusing to employ any woman who was married. Under the specific facts of this case, plaintiff did not allege a violation of Title VII by Delta's policy.

The precise provision of Title VII upon which plaintiff relies is:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

42 U.S.C. § 2000e–2(a).

Any question as to whether discrimination against married women might per se be removed from the ambit of the statute was settled by *Phillips v. Martin Marietta Corp.,* 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971). There, the court held that an employer may not refuse to hire women with pre-school age children while hiring men who had such children, rejecting the argument that the discrimination was between different classes of women. Such discrimination has been referred to as "sex plus," that is, classification of employees on the basis of sex *plus* some other ostensibly neutral factor. *See Willingham v. Macon Tel. Publishing Co.,* 507 F.2d 1084, 1089 (5th Cir. 1975) (en banc). However, another court, in considering this general question, pointed out that "[d]iscrimination against married women constitutes discrimination on the basis of sex only if a different standard, *i. e.,* the marital status of the person, has been applied to men and women." *Jurinko v. Edwin L. Wiegand Co.,* 477 F.2d 1038, 1044 (3d Cir.), *vacated on other grounds,* 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973).

According to evidence adduced at trial, Delta hired only women as flight attendants/stewardesses until December 1972. Though this in itself is a violation of 42 U.S.C. § 2000e–2, *Hailes v. United Air Lines,* 464 F.2d 1006 (5th Cir. 1972); *Diaz v. Pan Am. World Airways, Inc.,* 442 F.2d 385 (5th Cir.), *cert. denied,* 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971), plaintiff is not a person who may assert the rights of prospective male flight attendants who could complain of this illegality.

The Supreme Court has noted that the objective of Congress in passing the Civil Rights Act of 1964, of which the sex discrimination provision was a part, was to achieve equality of employment opportunity and to remove certain barriers. These barriers are those which operate to favor one group of employees identifiable by race, color, religion, sex, or national origin. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974); *Griggs v. Duke Power Co.,* 401 U.S. 424, 429–30, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). Here, plaintiff is not a member of one of the relevant, identifiable classes which has been discountenanced in favor of another such class. Rather, certain women—stewardesses who are unmarried—are favored over certain other women—stewardesses who are married. As one of the all-female group of flight attendants employed by Delta, plaintiff suffered a discrimination, but it was based on marriage and not sex. Men were not favored over women; they simply were not involved in the functioning of the policy.

Though the no-marriage policy was never applicable to other job classifications at Delta, this does not invalidate our conclusion that no discrimination based on sex existed. The distinction made in the application of the policy was between flight attendants and other job classes. Men and women in other positions were not competing for flight attendant jobs, hence there could be no favoritism on behalf of male employees regardless of their marital status. The court must therefore focus on the women who sought to be employed as flight

attendants. When this is done, no sex discrimination can be seen. Title VII does not purport to ban all discriminations, but only the specific forms enumerated by statute. *Bradington v. I. B. M.,* 360 F.Supp. 845, 854 (D.Md.1973), *aff'd,* 492 F.2d 1240 (4th Cir. 1974).

Several cases have discussed the practice of denying employment to stewardesses who married, but in each the court spoke of the presence of married male flight attendants who were not required to resign. *Sprogis v. United Air Lines, Inc.,* 444 F.2d 1194 (7th Cir.), *cert. denied,* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971); *Inda v. United Air Lines, Inc.,* 405 F.Supp. 426 (N.D.Cal.1975); *Laffey v. Northwest Airlines, Inc.,* 366 F.Supp. 763 (D.D.C.1973). In *Cooper v. Delta Air Lines, Inc.,* 274 F.Supp. 781 (E.D.La.1967), the district court held, as we do here, that since only women held positions as flight attendants, the no-marriage rule did not discriminate on the basis of sex. We are aware that in *Sprogis, supra,* the Seventh Circuit's opinion stated in passing that were a practice of permitting only females to hold the position of flight attendant justifiable under the "bona fide occupational qualification" language of 42 U.S.C. § 2000e–2(e), and had United Air Lines hired only women for the flight attendant job, this would not automatically validate the no-marriage rule. The Seventh Circuit panel concluded by saying the no-marriage requirement must stand or fall on its own, irrespective of whether any discrimination against women *vis-a-vis* men is present. The only authority for such a statement which is cited does not seem to require such a result.[1] We decline to follow this dicta and reiterate the necessity of indicating some dissimilarity in treatment between the sexes before an allegation of sex discrimination can be upheld. *Cf. Fron-*

*tiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).

All remaining issues raised are without merit and their discussion would be without precedent.[2]

The judgment is

AFFIRMED.

---

1. The court referred to the following passage in 29 C.F.R. § 1604.3(b):

   "It may be that under certain circumstances, such a rule [against married females] could be justified within the meaning of Section 703(e)(1) of Title VII. We express no opinion on this question at this time except to point out that sex as a bona fide occupational qualification must be justified in terms

of the peculiar requirements of the particular job and not on the basis of a general principle such as the desirability of spreading work."

444 F.2d at 1198 n.5.

2. Local Rule 21, see *NLRB v. Amalgamated Clothing Workers of America,* 430 F.2d 966 (5th Cir. 1970).