See also, D.C., 434 F.Supp. 249.

In re NATIONAL AIRLINES, INC., Maternity Leave Practices and Flight Attendant Weight Program Litigation.

Barbara Baker JOHNSON, Plaintiff,

v.

NATIONAL AIRLINES, INC., Air Line Pilots Association, International Transport Workers Union of America, AFL–CIO, Defendants.

MDL No. 218 and No. 75–785–Civ–NCR.

United States District Court, S. D. Florida.

April 8, 1977.

Schwartz & Klein, P. A. by Norman S. Klein, North Miami Beach, Fla., for Barbara Baker Johnson, plaintiff.

Steel, Hector & Davis by Barry R. Davidson, John Barkett, Miami, Fla., for National Airlines, Inc., defendant.

O'Donnell & Schwartz by Asher W. Schwartz, New York City, for Transport Workers Union, defendant.

Dubbin, Schiff, Berkman & Dubbin by Alan C. Greenfield, Miami, Fla., for Transport Workers Union, defendant.

Cohen, Weiss & Simon, New York City, and Manners & Amoon, P. A., Miami, Fla., for Air Line Pilots Assoc. International.

Donald J. Parker, Gann, McIntosh, Flaherty & Parker, Chicago, Ill., and Gerald M. Walsh, Gerald M. Walsh and Associates, P. A., Ft. Lauderdale, Fla., for Susan Gail Leonard.

Martin Zevin, Ft. Lauderdale, Fla., for Dorothy Zevin.

Schwartz & Klein, P. A., North Miami Beach, Fla., for Barbara Baker Johnson.

Robert B. Wallace, Alexandria, Va., and Donald B. Myers, Washington, D. C., for Barbara Ann Gardner, Sherry Knipple, Marilyn White.

Steel, Hector & Davis, and John M. Lindsey, Vice Pres. & Gen. Counsel, Miami, Fla., O'Donnell & Schwartz by Renee H. Rivkis, New York City, for National Airlines, Inc. in file # 74–1149–Civ–NCR.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROETTGER, District Judge.

Barbara Baker Johnson has filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*, charging that defendant National Airlines, Inc. has discriminated against her by reason of sex. The Transport Workers Union (TWU), which succeeded the Airline Pilots Association (ALPA) as the certified bargaining agent for National's flight cabin attendants on August 18, 1976, was joined as a party defendant.

## FINDINGS OF FACT

Plaintiff was employed by defendant National Airlines as a flight cabin attendant on July 9, 1965. In November of 1968, she was promoted to the position of stewardess supervisor. In the latter part of 1969, plaintiff became pregnant. At that time, defendant National did not have a maternity leave provision in the collective bargaining agreement. The contractual provision at that time required all stewardesses, upon knowledge of pregnancy, to resign or be discharged without recourse. Plaintiff applied for maternity leave, which application was denied. When she refused to resign plaintiff was discharged.

Following the birth of her child, which occurred in May of 1970, plaintiff attempted to regain her employment. Plaintiff had contacted Jack Donlan, Vice President for Industrial Relations of National Airlines, Inc., seeking his aid in helping her regain her job. Plaintiff testified that she had contacted the union (ALPA), but they had informed her that they were unable to help.

On December 5, 1972, plaintiff filed an application for employment as a flight cabin attendant with National Airlines. Plaintiff testified that she was interviewed and then was informed that National "will be in touch." When plaintiff called back to check on the status of her application, she was informed that they did not have her application.

Defendant's witnesses testified that they did not recall plaintiff or her application. Billy Mae Garner did not remember Mr. Donlan setting up an appointment for plaintiff with her. Peggy Burke, defendant's employment interviewer, testified she never received plaintiff's application. She further stated that she knew of no reason why she would not have called plaintiff for an employment interview. Mr. Donlan testified that he had investigated the circumstances surrounding plaintiff's application. He disclosed that the investigation indicated that plaintiff had failed to complete the application and interview process.

There was testimony from two flight cabin attendants who were also discharged when they discovered they were pregnant. One, Ms. Vander Bee, was rehired by National Airlines in 1972. She testified that she was informed by Mr. Donlan that she would not retain her original seniority number. Upon rehire, she started with the seniority number of a new employee.

The other witness, Ms. Prescott, reapplied for her job after having been out of work for nine months. She asserted that she was told that National would get in touch with her. However, an interview was never held. Ms. Prescott was later reinstated when defendant changed its policy and allowed its flight cabin attendants to go on

maternity leave, rather than resign, when they became aware that they were pregnant. This policy change occurred on February 19, 1971, as a direct result of the activities of a "baby carriage brigade" led by Ms. Prescott at a golf tournament sponsored by National Airlines. Labor contract negotiations with stewardesses [1] were going on at the time and restoration of seniority was also given to the demonstrators.

When she was not called for an interview plaintiff filed a charge with the Equal Employment Opportunity Commission (E.E.O.C.) on December 13, 1972, eight days after her application for employment was filed. Her E.E.O.C. charge alleged that she was "being discriminated against because of the past discriminatory pregnancy policy of the Company." The alleged discrimination was asserted to be on the basis of sex. The charge further asserted that "the Company does not hire male cabin attendants." National did not hire its first male flight cabin attendant until April, 1973.

## CONCLUSIONS OF LAW

Plaintiff filed her charge of discrimination within the 180 days after the occurrence of the alleged discriminatory act. 42 U.S.C. § 2000e–5(e). She further filed her complaint within 90 days following receipt of her notice of right to sue. 42 U.S.C. § 2000e–5(f)(1). Defendant National Airlines, Inc. is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Defendant TWU is a "labor organization" as defined in 42 U.S.C. § 2000e(d). Therefore, this court has jurisdiction over the subject matter. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970). The court further has jurisdiction over the parties.

The allegations of this charge support plaintiff's contention that she is complaining of her failure to be rehired, and not that she is attempting to re-litigate the circumstances surrounding her original discharge. The court, therefore, concludes that it is appropriate to reach the merits. Cf. *Dawkins v. Nabisco, Inc.,* 549 F.2d 396 (5th Cir. 1977).

■ Plaintiff has failed to carry the burden placed upon her to support her assertion that National Airlines discriminated against her because of her sex. While the evidence on this point is controverted, it is reasonable to conclude that plaintiff was not hired in December of 1972, because she failed to complete the application and hiring process. There was convincing evidence that plaintiff would have been hired if she, in fact, had completed the process. The record is void of evidence from which this court could conclude that sex played a part in National's failure to hire plaintiff.

Moreover, there is no evidence that plaintiff is a member of a disadvantaged class. In *Stroud v. Delta Airlines, Inc.,* 544 F.2d 892 (5th Cir. 1977), the Court of Appeals held that for a woman to prevail in a claim of sex discrimination under Title VII the employer must have male employees in similar positions of employment. Plaintiff could not assert the rights of prospective male employees.

■ The court, thus, concludes that plaintiff is not a member of a disadvantaged class. Assuming that she was not rehired because of her sex—or previous pregnancy discharge—plaintiff was merely discriminated against on the basis of pregnancy, not sex.[2] As the court in *Stroud* has found: "Men were not favored over women; they simply were not involved in the functioning of the policy." *Id.,* at 893. Accordingly, the court concludes that judgment must be entered for defendants in accordance with this opinion.

DONE AND ORDERED this 8th day of April, 1977.

1. As noted later, there were no stewards in National's employ then and the term flight attendants was not in vogue.

2. The court wishes to make clear that this conclusion does *not* necessarily reflect the court's eventual view of the merits of the maternity leave portion of this consolidated litigation. That case presents the case where defendant has similarly situated male employees, and its eventual resolution is independent of this court's determination today.