Carol W. McMONIGLE, for herself and all others similarly situated, Plaintiffs-Appellants,

v.

DELTA AIR LINES, INC., Defendant-Appellee.

No. 75–3498.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1977.

Rehearing and Rehearing En Banc Denied Sept. 26, 1977.

John R. Myer, Robert H. Stroup, Atlanta, Ga., for plaintiffs-appellants.

Dean Booth, Wm. H. Boice, J. Stanley Hawkins, Atlanta, Ga., Sidney F. Davis, Legal Dept., Delta Air Lines, Inc., Atlanta, Ga., for defendant-appellee.

Before COLEMAN, MORGAN and HILL, Circuit Judges.

PER CURIAM:

From May 1961, until December 1967, Carol W. McMonigle was a stewardess with Delta Air Lines. Delta had a regulation which required stewardesses to resign if they became pregnant. Because of this regulation, McMonigle left her employment on December 16, 1967. During the years 1968, 1969, 1970, 1971, 1972, and nearly all of 1973 she filed no sex discrimination charge with the Equal Employment Opportunity Commission.

On December 14, 1973, the former stewardess filed the following charge with EEOC:

I was employed as a stewardess with Delta Air Lines, Inc. from May 1, 1961 until December 15, 1967, when I was terminated because of pregnancy. I have attempted to return to my former position by applying in person in April, 1973. I made application because I learned that Delta was recalling former stewardesses who had been terminated because of the no-marriage rule. I have continued to call Delta's personnel office, seeking reinstatement as a stewardess, without success. My most recent phone call was placed in August, 1973. I believe that my termination was sex discrimination by Delta Air Lines and that Delta's continued refusal to reinstate me is a continuation of that discrimination. I believe that I am qualified to work as a stewardess

and am aware that new stewardesses have been hired and old stewardesses recalled during the time I have been seeking reinstatement with Delta.

It will be noted that McMonigle was not seeking new employment. Instead, she sought reinstatement with full employment benefits, including accrued seniority.

The subsequent suit was dismissed by the District Court as time barred, 42 U.S.C., Section 2000e–5(e).

 Failure to file a charge of discrimination within the statutory period entitled Delta to treat the past act as lawful, *United Air Lines, Inc. v. Evans* (1977), —— U.S. ——, 97 S.Ct. 1885, 52 L.Ed.2d 571.

Delta was under no obligation to inaugurate or to implement a policy permitting reinstatement of those individuals whose employment had been terminated for reasons against which no complaint was levelled within the prescribed time. It has not initiated any policy for the reinstatement of females who were separated from service because of pregnancy.

 That should end the matter, except that in 1972 Delta adopted a policy allowing former stewardesses who had resigned due to marriage, and who were rehired, to receive credit for seniority accrued prior to their termination. In the first year after the adoption of this policy some 56 former (married) stewardesses were reinstated. The appellant contends that since married stewardesses may be reinstated with seniority the law requires that she, as one who became pregnant, be given the same treatment.

 We cannot agree. The sex discrimination statutes require that there shall be no differentiation on the basis of sex between similarly situated males and females, see *United Air Lines v. Evans, supra* at p. ——, 97 S.Ct. at p. 1888. The law does not say that one female, or group of females, must uniformly be given the same treatment as that accorded some other female or group of females, *Stroud v. Delta Air Lines, Inc.,* 5 Cir. 1977, 544 F.2d 892.

We hold that McMonigle was not entitled to reinstatement with full employment benefits, including accrued seniority.

The Judgment of the District Court is AFFIRMED.