**Sarah Henson JAMES et al., Plaintiffs-Appellees,**

v.

**DELTA AIRLINES, INC., Defendant-Appellant.**

No. 76–2581.

United States Court of Appeals, Fifth Circuit.

April 28, 1978.

Gordon Dean Booth, Jr., Wm. H. Boice, J. Dianne Brinson, J. Stanley Hawkins, Sidney F. Davis, Legal Dept., Delta Air Lines, Inc., Atlanta, Ga., for defendant-appellant.

John Walter Henderson, Jr., Atlanta, Ga., for plaintiffs-appellees.

Before GOLDBERG and SIMPSON, Circuit Judges, and FREEMAN, District Judge.*

PER CURIAM:

Plaintiffs, thirteen female flight attendants, filed this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, alleging that their employer, Delta Air Lines, discriminated against them on the basis of their sex. Each plaintiff had taken a mandatory maternity leave of absence and subsequently returned to work prior to November, 1972, during which time Delta allowed seniority for bidding and pay purposes to accrue only for the first three months of such leave. Since each leave was in excess of three months, each plaintiff has suffered a partial loss of seniority as a result of her maternity leave. At the time that each plaintiff took her maternity leave, Delta employed no male flight attendants. The district court held for the plaintiffs, finding Delta's pre-November, 1972, policy "unlawfully discriminatory".

Subsequent to the district court's decision in this case, we decided *Stroud v. Delta Air Lines, Inc.*, 544 F.2d 892 (5th Cir. 1977), cert. denied, —— U.S. ——, 98 S.Ct. 146, 54 L.Ed.2d 110. In *Stroud*, a former Delta stewardess alleged that Delta's policy forbidding the employment of any married stewardess violated Title VII. We disagreed, noting that because Delta hired only women as flight attendants/stewardesses until December, 1972, plaintiff's discharge in 1971 did not constitute discrimination based on sex. We explained our holding as follows:

> Here, plaintiff is not a member of one of the relevant, identifiable classes which has been discountenanced in favor of another such class. Rather, certain women—stewardesses who are unmarried—are favored over certain other women—stewardesses who are married. As one of the all-female group of flight attendants employed by Delta, plaintiff suffered a discrimination, but it was based on marriage and not sex. Men were not favored over women; they simply were not involved in the functioning of the policy.

544 F.2d at 893. See also *McMonigle v. Delta Air Lines, Inc.*, 556 F.2d 1261 (5th Cir. 1977).[1]

We hold that *Stroud* controls the instant case and requires reversal of the district court. Although *Stroud* involved a policy affecting married persons and this case involves a policy affecting pregnant persons, the distinction is immaterial here. We recognize, of course, that both men and women may marry but that only women may become pregnant. However, under the specific facts of this case, the discrimination practiced by Delta prior to November, 1972, *could not* have affected women vis-a-vis men because Delta employed no male flight

---

* District Judge of the Northern District of Georgia, sitting by designation.

1. Although it involved a charge of discrimination based on national origin rather than sex, our recent decision in *DeVolld v. Bailar*, 568 F.2d 1162 (5th Cir. 1978) [1978], supports the rationale of *Stroud*. In *DeVolld*, two Mexican-Americans applied for a single position. The one not hired alleged a violation of Title VII. We held that "whatever motives the Commission may have had in choosing between two people of the same ethnic origin, discrimination cannot have been among them. . . . [T]his being so, there is no Title VII action".

attendants during the period when the instant plaintiffs took their maternity leaves. To paraphrase *Stroud*, plaintiffs suffered a discrimination, but it was based on pregnancy and not sex.

Because *Stroud* is dispositive of the plaintiffs' claims in this case, we do not reach the question of whether plaintiffs' charges of discrimination were timely filed with the EEOC, as required by *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Also, because Delta employed no male flight attendants when the maternity leaves at issue were taken, we are foreclosed from consideration of whether Delta's policy would have constituted sex discrimination in violation of Title VII had both males and females been employed as flight attendants at that time. *Compare General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), *with Nashville Gas Co. v. Satty*, —— U.S. ——, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977).

Accordingly, we reverse the judgment of the district court and remand with instructions to dismiss the plaintiffs' complaint as failing to state a cause of action under Title VII.

REVERSED and REMANDED, with directions.