Wanda LOPER, Plaintiff-Appellant,

and

Janet Humphreys,
Intervening-Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC., et al.,
Defendants-Appellees.

No. 78–1519

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1978.

JoAnn Peters, Dallas, Tex., for plaintiff-appellant.

Asher W. Schwartz, New York City, Abe F. Levy, Los Angeles, Cal., for defendants-appellees.

* Rule 18, 5 Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Title VII Civil Rights action (42 U.S.C. §§ 2000e, *et seq.*) based on allegations of sex discrimination, plaintiffs Wanda Loper and Janet Humphreys, who are female airline employees, seek reversal of the District Court's orders denying their motion for class certification and granting defendant American Airlines' motion for summary judgment. We affirm.

Plaintiff Loper began work for American as a flight attendant in 1956. Like all American flight attendants, each of whom was female, she was required to sign an agreement when hired that she would re-sign at the age of 32. She reached that age in 1962 and was forced to retire. At the time she resigned as a flight attendant, Loper negotiated a transfer to the position of reservations agent. She shifted to the job of freight-tracing specialist in 1966. In 1968, American began recalling some of the flight attendants who had been forced to retire under the so-called "32 rule." Loper sought reinstatement as a flight attendant but was refused. American also denied her request for a leave of absence to work as a flight attendant for another airline and Loper then resigned, accepting employment as a flight attendant with another airline, where she remained until 1972.

In 1971 and 1972, Loper again sought reinstatement as a flight attendant with American. She received written notice of the airline's refusal to rehire her on January 17, 1972 and she then filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) on July 6, 1972.[1] In August of that year American again refused to rehire Loper as a flight attendant, but offered her employment as a flight attendant supervisor. She accepted the offer, but received no seniority credit, company or line, for past service with American or any other airline. Loper then filed this suit, alleging that American's failure to rehire her as a flight attendant and refusal to grant her seniority credit for prior service constitute violations of Title VII.

Plaintiff Humphreys worked as a flight attendant for American from 1959 until 1964, when the airline's prohibition of marriage by flight attendants compelled her resignation. She applied for reinstatement in 1971 and resumed her job on March 21, 1972, but received no seniority credit for her past experience with American. Humphreys filed a complaint with the EEOC on March 12, 1973[2] and was subsequently admitted as an intervening plaintiff in Loper's suit, alleging that American's denial of seniority credit for her past service violated Title VII.

In granting American's motion for summary judgment, the District Judge held that plaintiffs' suit was untimely, relying on the Supreme Court's recent decision in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).[3]

---

1. Pursuant to 42 U.S.C. § 2000e–5(f)(1), on January 21, 1975 the EEOC gave Loper "Notice of Right to Sue Within 90 Days." She received that notice on January 27, 1975 and filed this suit on April 25, 1975.

2. On January 28, 1976, pursuant to 42 U.S.C. § 2000e–5(f)(1), the EEOC issued Humphreys "Notice of Right to Sue Within 90 Days." She received the notice on January 29 and filed her motion to intervene as a plaintiff in this suit on April 16, 1976. The district court granted that motion, pending its determination whether the suit could be maintained as a class action, on April 29, 1976.

3. In *Evans*, the Supreme Court held that "[a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. . . . [I]t is merely an unfortunate event in history which has no present legal consequences," 97 S.Ct. at 1889 and concluded that "a challenge to a neutral system may not be predicated on the mere fact that a past event which has no present legal significance has affected the calculation of seniority credit, even if the past event might at one time have justified a valid claim against the employer. A contrary view would substitute a claim for seniority credit for almost every claim which is barred by limitations." *Id.* at 1890.

The lower court found that neither plaintiff had filed her complaint with the EEOC within the period set forth in Title VII[4] and ruled that American was therefore entitled to treat the past acts of discrimination as the legal equivalents of discriminatory acts that occurred before passage of the statute. However, because this court's decisions in *Stroud v. Delta Air Lines, Inc.,* 5 Cir. 1977, 544 F.2d 892, cert. denied, 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110 (1977), and similar sex discrimination cases are dispositive of plaintiffs' claims in the instant action, we need not reach "the question of whether plaintiffs' charges of discrimination were timely filed with the EEOC, as required by *United Air Lines, Inc. v. Evans* * * * ." *James v. Delta Air Lines, Inc.,* 5 Cir. 1978, 571 F.2d 1376, 1378.

▪ Loper resigned her job as flight attendant in 1962 and Humphreys' first tour of duty with American ended in 1964. In their amended complaints, both plaintiffs assert that American employed no males as flight attendants until approximately 1971. Thus, while the airline's "32" and "no marriage" rules favored certain females, younger women and those who were unmarried, over others, plaintiffs did not receive different treatment on account of their sex; "[m]en were not favored over women; they simply were not involved in the functioning of the policy." *Stroud v. Delta Air Lines, Inc., supra,* 544 F.2d at 893. This court has stressed "the necessity of indicating some dissimilarity in treatment between the sexes before an allegation of sex discrimination can be upheld." *Id.* at 894. Given the all female composition of American's flight attendant corps when each plaintiff's initial job with the airline ended, it would be impossible for plaintiffs to show, as required under Title VII, that the termination of their employment constituted "differentiation on the basis of sex between similarly situated males and females." *McMonigle v. Delta Air Lines, Inc.,* 5 Cir. 1977, 556 F.2d 1261, 1263; *Equal Employment Opportuni-*

*ty Commission v. Delta Air Lines, Inc.,* 5 Cir. 1978, 578 F.2d 115; *James v. Delta Air Lines, Inc.,* 5 Cir. 1978, 571 F.2d 1376, 1377–78; *Stroud v. Delta Air Lines, Inc., supra,* 544 F.2d at 893–94. Moreover, since each plaintiff's separation from service with American was lawful, the airline bore no obligation to rehire Loper as a flight attendant or to grant either plaintiff seniority credit for her prior employment. *See McMonigle v. Delta Air Lines, Inc.,* 5 Cir. 1977, 556 F.2d 1261, 1263.

▪ Plaintiffs' allegation that American did not apply its age and marriage policies to other job classifications does not bolster their Title VII claim. The airline distinguished between flight attendants and other job classes, not between the sexes; men and women in those other classifications were not competing for flight attendant positions, so there could have been no favoritism on behalf of male employees regardless of their age or marital status. *Stroud v. Delta Air Lines, Inc., supra,* 544 F.2d at 893.

▪ Plaintiffs also contend that certain male flight attendants received better treatment with regard to seniority than did their female counterparts. In 1971, American merged with Trans-Caribbean Airlines. Trans-Caribbean's flight attendants, all of them male, received jobs with American and seniority credit for their service with Trans-Caribbean. Since no female flight attendants joined American from the other airline, the merger did not even afford the opportunity for "differentiation on the basis of sex between *similarly situated* males and females" (emphasis added), *McMonigle v. Delta Air Lines, Inc.,* 5 Cir. 1977, 556 F.2d 1261, 1263, that is necessary to make out a claim under Title VII, and plaintiffs allege no other instances of preferential seniority treatment based on sex.

AFFIRMED.

---

4. 42 U.S.C. § 2000e–5(3) provides that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." Before Title VII was amended in March of 1972, the filing period was limited to ninety days.