379 So.2d 1033 (1980)
NATIONAL AIRLINES, INC., Appellant,
v.
DIVISION OF EMPLOYMENT SECURITY OF FLORIDA DEPARTMENT OF COMMERCE; Sara G. Ware, Appellees.
No. 79-595.
District Court of Appeal of Florida, Third District.
February 19, 1980.
*1034 Steel, Hector & Davis and John M. Barkett, Miami, for appellant.
James R. Parks and Harden King, Jr., Tallahassee, Lawrence Kanzer, Miami, for appellees.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
HENDRY, Judge.
Petitioner, National Airlines, Inc., seeks review of the order holding that the claimant, Sara G. Ware, a National Airlines employee is qualified to receive unemployment compensation benefits. Petitioner maintains that the Unemployment Appeals Commission erred in entering its order which affirmed the findings of fact and conclusions of law reached by the appeals referee. Specifically, National contends that the claimant is not entitled to receive benefits under Chapter 443, Florida Statutes, and even assuming arguendo that Ware is qualified to receive benefits, she is, nevertheless, ineligible because she was not "available for work" pursuant to Section 443.05(1)(c)(1), Florida Statutes, which recites the statutory conditions for eligibility.
Ware has been a flight attendant with National Airlines since 1962; in July of 1978 she was suspended for failing to comply with National's weight program[1]  that is, she had gained 16 1/2 pounds over her allowed weight. Under the conditions of the suspension, Ware was required to comply with the height-weight limitation by October of 1978, she did so and returned to work in September of 1978. Respondent had filed a claim for unemployment compensation benefits two days after having been suspended in July. It is, therefore, that interim duration of time between suspension and return to work duties, a period of approximately six (6) weeks, for which Ware sought unemployment benefits.
Of paramount importance in resolving the issues in this case is the determination of whether under Florida law a suspension is equivalent to the phrase used in the statute defining those who are automatically "disqualified" from benefits (Section 443.06(1), Florida Statutes); to wit, "discharged for misconduct connected with his work."
Initially, the claims examiner disqualified Ware from receiving benefits. Respondent timely appealed. A hearing was had before *1035 the appeals referee after which a recommended order was entered. The order was later adopted by the Unemployment Appeals Commission. It states in pertinent part:
"The Florida Unemployment Compensation Law provides that an individual shall be disqualified from receiving benefits for having voluntarily left his employment without good cause attributable to the employer, or if it is found that he had been discharged by his employer for misconduct connected with his work.
"The record and evidence in the instant case clearly show that the claimant was not discharged by the employer, and that she did not quit her job. Testimony and evidence presented by both the claimant and the employer attest to these facts, and no evidence of probative value has been presented to show that there was a discharge or quit. In fact, testimony and evidence presented by both the claimant and the employer shows that neither considered that there had been a quit or a discharge. Testimony and evidence presented does show, however, that the claimant was not allowed to continue working for the employer because she failed to meet certain physical fitness requirements, and that she was placed on leave without pay for an indefinite period of time up to approximately 11 weeks until she did meet the requirements. Thus, the claimant was on a leave of absence, and no disqualification should apply. However, it is well settled that an individual may be unemployed without the necessity of a total and absolute severance of the employment relationship. The question of whether the claimant was unemployed is not within the jurisdiction of this Referee, because no determination regarding this has been made or appealed. Under the circumstances presented, it must be held that since no separation occurred within the meaning of the law, no disqualification is in order."
Clearly, the appeals referee and the Commission have interpreted the statutory provision to exclude suspension as a disqualifying factor. See Section 443.06, Florida Statutes. It is well recognized that the construction of a statute by those charged with its execution should be followed unless there are compelling indications that such construction is wrong. See 30 Fla.Jur., Statutes § 109. Further, it is not a judicial function to add words to statutory language; had our Legislature intended that suspensions be included in the disqualifying provisions it would have stated such.[2]
The relevant portion of our statute, Section 443.06(1)(b), states clearly and unambiguously:
"An individual shall be disqualified for benefits:
"(1) For the week in which he has voluntarily left his employment without good cause attributable to his employer or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division ...
"(b) Disqualification for being discharged for misconduct connected with his work shall continue for the full period of unemployment next ensuing after having been discharged and until such individual has become reemployed and has earned wages not less than 10 times his weekly benefit amount and for not more than 52 weeks which immediately follow such week, as determined by the division in each case according to the circumstances in each case or the seriousness of the misconduct, pursuant to rules of the division enacted for determinations of disqualifications [for] benefits for misconduct."
Respondent Commission has drawn and cogently discussed the analogy between the facts and prevailing statutory language *1036 entailed in an Hawaii Supreme Court holding, Matson Terminals, Inc. v. Hasegawa, 512 P.2d 1 (Ha. 1973), wherein the court stated at 2:
"The sole question before this court is the construction of HRS § 383-30(2), specifically the word `discharged' as provided therein:
"§ 383-30 Disqualification for benefits. An individual shall be disqualified for benefits:
"...
"(2) Discharge for misconduct. For the week in which he has been discharged for misconduct connected with his work and for not less than two or more than seven consecutive weeks of unemployment which immediately follow such week, as determined in each case in accordance with the seriousness of the misconduct."
"...
"The court cannot `question the probable legislative intent and construe the statute,' which is clear on its face, and insert a meaning that the court, itself, believes is logical ...
"A well established statutory rule of construction is: Where the language of a statute is plain and unambiguous there is no occasion for construction and the statute must be given effect according to its plain and obvious meaning."
Returning to the case before us, we are of the opinion that the subject statute is clear and unambiguous and the Commission properly ruled. Accordingly, petitioner's first point has been considered and found not to demonstrate error on the part of the Commission.
However, petitioner's second point, regarding the statutory conditions for eligibility, has merit. The record is essentially silent on the question of whether Ware had complied with Section 443.05(1)(c)(1), that she be "available for work." Thus, on this matter we remand in order to conduct further proceedings to determine if, in fact, the claimant had met the condition for eligibility.
The order finding the respondent Ware qualified to receive benefits is affirmed; but we are compelled to reverse and remand due to the want of evidence on the required showing of the claimant's availability for work.
Affirmed in part and reversed and remanded in part.
NOTES
[1] For a discussion of National's height-weight program and rationale, see In Re National Airlines, Inc. (Leonard v. National Airlines), 434 F. Supp. 268 (S.D.Fla. 1977).
[2] The statutes of Massachusetts, Oregon and Pennsylvania are examples of jurisdictions where the respective legislatures have explicitly included suspension for misconduct as a disqualifying factor in their unemployment compensation statutes. See appropriate commonwealth and state statutes, §§ 151A:25(f), 657.176(b) and 802(e), respectively.