REBECCA TRANQUILLI, Plaintiff-Appellant, *v.* MOHAMMAD IRSHAD, M.D., Defendant-Appellee.

Fourth District   No. 4—83—0109

Opinion filed September 23, 1983.—Rehearing denied October 25, 1983.

Leahy and Leahy, of Springfield (Cheryl S. Redfield and Mary Lee Leahy, of counsel), for appellant.

Samuel C. Patton, of Springfield, for appellee.

JUSTICE MILLS delivered the opinion of the court:
Sex discrimination is not single gendered.
The concept inherently involves both *males* and *females*.
We affirm.

### THE FACTS

Rebecca Tranquilli was six-months pregnant and without a job. Through Illinois State Job Services, she learned of an opening for a physician's secretary at Dr. Mohammed Irshad's office in Springfield. She phoned Dr. Irshad's office and spoke with his receptionist, Sue Atherton. During the conversation, Tranquilli informed Atherton that she was pregnant. Atherton replied, "I don't want a pregnant broad working for me." Tranquilli asked her to repeat herself, Atherton did, and Tranquilli ended the conversation.

Tranquilli then filed a complaint against Dr. Irshad, alleging that she had been refused an interview for the secretarial position solely because she was pregnant and that such refusal constituted sex discrimination in violation of article I, section 17, of the Illinois Constitution of 1970. After a good deal of procedural maneuvering by both parties, Dr. Irshad filed a motion for summary judgment. In an accompanying affidavit, he swore that all of the applicants for the posi-

tion had been women, and in a supporting memorandum he argued that because only women applied for the position no sex discrimination occurred in the hiring process. In reply, Tranquilli argued that the fact no men applied for the position did not foreclose the possibility of sex discrimination.

The trial court granted Dr. Irshad's motion for summary judgment, Tranquilli appeals, and we affirm.

On appeal, Tranquilli argues that despite the fact that no men applied for the secretarial position, Dr. Irshad violated the sex discrimination restrictions of article I, section 17, of the Illinois Constitution of 1970 when his receptionist refused her an interview because she was pregnant. We disagree.

## THE LAW

■ Article I, section 17, of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 17) states in pertinent part:

"All persons shall have the right to be free from discrimination on the basis of *** sex in the hiring *** practices of any employer ***."

We recognize that in certain instances a hiring practice which discriminates on the basis of pregnancy may constitute sex discrimination. Where, however, no men are in the job applicant pool and the hiring practice only favors nonpregnant women over pregnant women, pregnancy discrimination is not sex discrimination.

Sex discrimination is *gender* based.

■ The most fundamental requirement for a showing of sex discrimination is a demonstration that *men* and *women* were treated in a dissimilar manner because of their sex. (See *Frontiero v. Richardson* (1973), 411 U.S. 677, 36 L. Ed. 2d 583, 93 S. Ct. 1764; *Reed v. Reed* (1971), 404 U.S. 71, 30 L. Ed. 2d 225, 92 S. Ct. 251.) If the applicant pool for a position is comprised entirely of one sex, there can be no dissimilar treatment of the sexes in the hiring process. (*Costa v. Markey* (1st Cir. 1982), 706 F.2d 1, *en banc* opinion on rehearing (1983), 706 F.2d 10.) And without dissimilar treatment of the sexes, there can be no sex discrimination. *Loper v. American Airlines, Inc.* (5th Cir. 1978), 582 F.2d 956 (without dissimilar treatment, age discrimination is not sex discrimination); *James v. Delta Airlines, Inc.* (5th Cir. 1978), 571 F.2d 1376 (without dissimilar treatment, pregnancy discrimination is not sex discrimination); *Stroud v. Delta Air Lines, Inc.* (5th Cir. 1977), 544 F.2d 892 (without dissimilar treatment, marriage discrimination is not sex discrimination).

CONCLUSION

In the case *sub judice*, only women applied for the secretarial position with Dr. Irshad. Because the applicant pool was comprised entirely of women, there was no dissimilar treatment of men and women in the hiring process. Consequently, there was no sex discrimination. *Ergo*, we affirm the trial judge's order granting summary judgment.

Affirmed.

WEBBER, P.J., and TRAPP, J., concur.