PAT ERICKSON *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF EDUCA-TION, PROVISO TOWNSHIP HIGH SCHOOL, DISTRICT NO. 209, COOK COUNTY, Defendant-Appellee.

First District (1st Division)   No. 83—0857

Opinion filed December 12, 1983.

Ash, Anos, Freedman & Logan, of Chicago (George J. Anos and Lawrence M. Freedman, of counsel), for appellants.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (John B. Murphy, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Pat Erickson, Kimberly La Deur, Joette M. Hager, and Kimberly S. Kolze (plaintiffs) brought this suit against the Board of Education, Proviso Township High School, District No. 209, Cook County, Illinois (defendant). Count I of plaintiffs' complaint alleged a violation of the Equal Pay Act (29 U.S.C. sec. 206(d)(1) (1976)). Count II alleged discrimination against plaintiffs in violation of the Illinois Constitution of 1970, article I, section 18. The trial judge entered summary judgment for defendant. Plaintiffs appeal.

Defendant operates public high schools known as Proviso East and Proviso West. Plaintiffs acted as teachers and also as coaches of certain girls' athletic teams. It is the theory of plaintiffs that they were discriminated against as regards their compensation for coaching activities on the basis of the fact that they were women. The high schools operated by defendant also employed men as athletic coaches.

The record shows that the defendant has two separate bargaining

agreements with the local teachers union of which plaintiffs are members. The scale of pay for teachers in connection with their work as athletic coaches was a matter of contract arrived at after negotiations. The collective bargaining agreements set out the coaching compensation in detail. One of the important matters here involved is that the collective bargaining agreements refer to "men coaches" and also to "women coaches." However, the record shows definitely, and the parties have conceded, that the contract schedule with reference to designations of "men" and "women" does not relate to or describe the coaches. On the contrary, these designations refer to the sex of student participants in athletics who receive coaching from plaintiffs. The coaching itself was such that in some instances male coaches assisted girls in their sports and in one situation a woman had served a coach of a gymnastics team for boys. Thus the compensation for the coaching was not set in accordance with the sex of the coach but rather pertained to the sex of the participants who received the coaching.

Discovery was had by both sides. Defendant's motion contains affidavits together with a statement of facts, copies of collective bargaining agreements and excerpts from plaintiffs' depositions. Plaintiffs themselves did not file affidavits or depositions but simply a legal memorandum directed to the merits of the motion. It appears from the depositions of plaintiffs that some women coaches who worked with the boys' teams received a higher salary than men coaches who worked with the girls. The collective bargaining agreements contain information to this effect.

It is agreed that the Federal Equal Pay Act is applicable to the situation here. This statute provides (29 U.S.C. sec. 206(d)(1) (1976)):

"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to com-

ply with the provisions of this subsection, reduce the wage rate of any employee."

In addition a provision of the Illinois Constitution of 1970 is also applicable here. This provision states (Ill. Const. 1970, art. I, sec. 18):

"*NO DISCRIMINATION ON THE BASIS OF SEX.*

The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."

It is the theory of plaintiffs that the record discloses various material issues of fact which set forth violations of the Equal Pay Act and of article I, section 18, of the Illinois Constitution of 1970. Thus, plaintiffs in effect contend the record shows there are genuine issues as to material facts so that the trial judge erred in granting summary judgment. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—1005.) However, plaintiffs did not file a factual response to defendant's motion for summary judgment, to demonstrate the presence of any material and disputed facts. Plaintiffs attempted to rely upon the allegations of their complaint. The trial judge concluded that summary judgment for defendant was proper. In this regard, the law is clear that absent facts set out in a counteraffidavit, "[m]ere reliance upon contrary averments in the [opposing] party's answer is insufficient." *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 576, 442 N.E.2d 648, and cases there cited.

Neither party cites in their brief any legal authority which directly considers the rather unique situation here presented. It seems clear, as a factual matter, that the plaintiffs were not discriminated against because of their sex. As shown, the compensation to be given to athletic coaches did not vary with any particular coach but depended upon, and varied in accordance with, the sex of the pupils who received the coaching. Undoubtedly where there is a wage discrimination against women because of their sex, that situation is definitely covered by the Equal Pay Act. (See *Corning Glass Works v. Brennan* (1974), 417 U.S. 188, 41 L. Ed. 2d 1, 94 S. Ct. 2223; *Hodgson v. American Bank of Commerce* (5th Cir. 1971), 447 F.2d 416.) Similarly, article I, section 18, of the Illinois Constitution of 1970 is directed at the same type of discrimination. This amendment has been applied by the courts of Illinois in a salutary effort to stamp out discrimination by governmental bodies of any kind based upon sex. See *People v. Ellis* (1974), 57 Ill. 2d 127, 311 N.E.2d 98.

The defendant cites a number of cases decided under title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. sec. 2000e—2(a)(1)), which reads in part as follows:

"It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of said individual's race, color, religion, sex or national origin ***."

As stated in this enactment, it was intended to eliminate not only discrimination on the basis of sex but discrimination of any other kind.

Although plaintiffs' case is not based upon title VII, we see no reason why cases decided under this enactment are not applicable by analogy to the situation before us. Defendant cites two cases which, in our opinion, are thus applicable here. These decisions are factually very close to the instant case. They hold that there was no discrimination based on sex between the coaching services rendered to girls and those rendered to boys in athletic matters. These cases are *Jackson v. Armstrong School District* (W.D. Pa. 1977), 430 F. Supp. 1050, and *Kenneweg v. Hampton Township School District* (W.D. Pa. 1977), 438 F. Supp. 575.

In *Jackson*, plaintiffs were women who coached women's basketball teams. They complained that men who coached men's basketball teams received greater pay. The court there pointed out that there were a total of eight coaches in the school, four men and four women, all of whom coached women's basketball teams and all received the same pay for their services. (430 F. Supp. 1050, 1052.) Thus, the court held that there was no discrimination because of the sex of the coach but simply that a different scale of compensation was applied to services rendered in coaching boys to the services rendered in coaching girls.

Similarly, the court in *Kenneweg* had a situation before it in which two female coaches of girls' teams alleged that the school district had applied a higher pay scale for coaches of male sports than for female sports. The court cited *Jackson* and concluded that this disparity was not predicated upon sex discrimination against the plaintiffs, but that the record showed simply the application of a higher rate to all coaches who worked in male sports to those coaches who worked in female sports. 438 F. Supp. 575, 577.

As defendant points out, the reasoning applied in *Jackson* and *Kenneweg* was followed in rather similar situations which arose in New York State. *Kings Park Central School District No. 5. v. State Division of Human Rights* (1980), 74 App. Div. 2d 570, 424 N.Y.S.2d

293; *State Division of Human Rights v. Syracuse City Teachers Association, Inc.* (1979), 66 App. Div. 2d 56, 412 N.Y.S.2d 711.

The same result was very recently reached by this court in connection with an alleged violation of article I, section 18 of the Illinois Constitution of 1970. (*Tranquilli v. Irshad* (1983), 117 Ill. App. 3d 1074, 454 N.E.2d 377.) This court there held (117 Ill. App. 3d 1074, 1076):

> "Sex discrimination is *gender* based.
>
> The most fundamental requirement for a showing of sex discrimination is a demonstration that *men* and *women* were treated in a dissimilar manner because of their sex."

In the instant case, the plaintiffs herein have in fact received equal pay for the same coaching responsibilities and services. Thus any differential between male and female coaches is based on a factor "other than sex" precisely as stated in exception (iv) of the Equal Pay Act. 29 U.S.C. sec. 206(d)(1)(iv) (1976).

We conclude that the trial court correctly found there was no material issue of disputed fact raised herein and defendant was entitled to summary judgment. The order appealed from is therefore affirmed.

Order affirmed.

BUCKLEY, P.J., and McGLOON, J., concur.