**Connie ZENTISKA, Plaintiff,**

v.

**CARDINAL INDUSTRIES, INC., and The Pooler Motel, Ltd., Defendants.**

**No. CV488–047.**

United States District Court,
S.D. Georgia,
Savannah Division.

Sept. 30, 1988.

See also   708 F.Supp. 1321.

quired dismissal. The Court of Appeals reversed.

Elizabeth F. Bunce, Savannah, Ga., for plaintiff.

G. Terry Jackson, Savannah, Ga., Orval E. Fields, II, Columbus, Ohio, Charles C. Grile, Savannah, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Before the Court is the summary judgment motion of defendants Cardinal Industries, Inc. and The Pooler Motel, Ltd. The motion is denied.

### I. *Background*

Defendants interviewed plaintiff for a position as Guest Services Manager at Knights Inn in Pooler, Georgia. When filling out her employment application, plaintiff, formerly Connie Cribbs, did not indicate any special limitations regarding her employment status. In April, 1986, Pooler Motel hired plaintiff as a Guest Services Manager.

At the time plaintiff was hired, Steve Zentiska was the Innkeeper at the Knights Inn. As Innkeeper, Steve Zentiska was responsible for arranging the employees' work schedules. Defendants have no written policy which guarantees a fixed schedule for any employee. Nevertheless, plaintiff worked primarily the noon to 6:00 p.m. schedule during Steve Zentiska's tenure as Innkeeper. Plaintiff's schedule occasionally deviated when she worked overtime or when she was needed to work another employee's schedule.

While employed by defendants, plaintiff and Steve Zentiska became romantically involved. On at least one occasion, she stayed in Steve Zentiska's apartment on the business premises. The relationship between plaintiff and Steve Zentiska violated defendant's policy that prohibited an employee from dating a co-worker.

Plaintiff was taken off the schedule from August 25 to September 7, 1986, but she did work on August 28 because the employee scheduled to work was absent. Plaintiff and defendants dispute the facts surrounding this lay-off. They disagree as to who ordered plaintiff's lay-off and when it was ordered.

On September 8, 1986, Steve Zentiska was discharged. Nancy Russell replaced Steve Zentiska as Innkeeper. Russell immediately changed the work schedule, affecting several employees.

On September 11, 1986, plaintiff arrived at Knights Inn prepared to work the noon to 6:00 p.m. shift. Plaintiff was told that she was not scheduled to work those hours. She expressed a strong objection to any changes in her schedule. Nancy Russell called the police, but plaintiff left the premises before the police arrived.

On that same day, Bud Cook, defendants' area manager, fired plaintiff. He told her that she was being fired for insubordination. Plaintiff claims that the firing was a pretext for sex discrimination. Plaintiff requested management to reconsider her termination.

After reconsideration, defendants offered plaintiff back-pay for the time she had been taken off the schedule. Defendants also asked plaintiff to sign an agreement which contained a waiver and released defendants from any liability to plaintiff. Plaintiff signed the agreement, but she unilaterally altered it by deleting the part that released defendants from liability.

After receiving her back-pay and signing the waiver, plaintiff was again placed on the work schedule. At that time, several other employees were working variable shifts. Defendants claim that she did not show up to work her scheduled shifts, but plaintiff alleges that she was not scheduled to work on any of the disputed dates. A few weeks after being placed on the schedule, her name was again removed. Sep-

tember 10, 1986 was the last day plaintiff actually worked for defendants.

Plaintiff married Steve Zentiska in November 1986. In March 1988, plaintiff filed this claim pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that she is the victim of sex discrimination and a continued pattern of retaliatory discrimination in connection with her employment at Knights Inn.[1]

## II. *Summary Judgment*

■ The Court is aware that, because summary judgment is a "lethal weapon, depriving a litigant of a trial on the issue, caution must be used to ensure only those cases devoid of any need for factual determinations are disposed of by summary judgment." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir.1986). As the parties seeking summary judgment, defendants bear "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). All reasonable doubts about the facts are to be resolved in favor of the non-movant, although the non-moving party bears the burden of coming forward with sufficient evidence of every element that he or she must prove. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987). *See also Young v. General Foods Corp.*, 840 F.2d 825 (11th Cir.1988); *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1022 (11th Cir. 1988). Moreover, if the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 (11th Cir.1982).

## III. *Analysis*

■ The gravamen of plaintiff's complaint is that she was subjected to disparate treatment based on her gender. She claims that although other employees dated co-workers, they were not discharged or laid off based on their alleged violations of the company policy forbidding employees from dating one another. Plaintiff's complaint states a cause of action because 42 U.S.C. § 2000e–2 "applies not only to the more blatant forms of discrimination, but also to subtler forms, such as discriminatory enforcement of work rules." *Chescheir v. Liberty Mutual Insurance Co.*, 713 F.2d 1142, 1148 (5th Cir.1983).

As evidence of the discriminatory enforcement of defendants' work rule, plaintiff alleges that although another employee, Bud Cook, dated a fellow employee, he was not discharged. Furthermore, plaintiff claims that she was subjected to adverse employment action as a result of her relationship with Steve Zentiska. Specifically, she alleges that she was laid off because she was dating Steve Zentiska. His job, however, was unaffected. Defendants did not terminate or otherwise punish Steve Zentiska until he unilaterally decided to place plaintiff back on the work schedule.

In addition to comparing herself with these male employees, plaintiff argues that defendants treated her differently from other female employees. The Court notes, however, that it is the "dissimilarity in treatment between the sexes" that is controlling in plaintiff's charge of sex discrimination. *Stroud v. Delta Air Lines*, 544 F.2d 892, 894 (5th Cir.1977). In order to prevail at trial, plaintiff must demonstrate that defendants have male employees in similar positions of employment. *See Stroud*, 544 F.2d at 892.

Defendants contend that plaintiff was discharged for insubordination. Plaintiff, however, argues that the accusation of insubordination is a pretext for sex discrimination. Furthermore, she alleges that she was subjected to "disparate discipline for involvement in a personal affair." *Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir.1986). These allegations are sufficient to create an issue of material fact. *Id.* At trial, plaintiff will bear the burden of showing by

---

1. Defendants believed that plaintiff was also asserting claims of sexual harassment and single parent discrimination. In her response to defendants' motion for summary judgment, plain-tiff denied that she was bringing such charges. Taking plaintiff at her word, the Court will not address these issues.

a preponderance of the evidence that defendants' "proffered reason [for discharge] was pretextual." *Shore v. Federal Express Corp.*, 589 F.Supp. 662, 667 (W.D. Tenn.1984).

### Conclusion

For the foregoing reasons, defendants' motion for summary judgment is denied.

SO ORDERED.

