**George A. MOSS**

v.

**ITT CONTINENTAL BAKING COMPANY et al.**

**Civ. A. No. 78–0271–R.**

United States District Court, E. D. Virginia, Richmond Division.

April 9, 1979.

William W. Davenport, court appointed, Richmond, Va., for plaintiff.

David M. Shapiro, Robert K. Caudle, Jr., Caudle & Shapiro, Richmond, Va., Harry A. Rissetto, Washington, D. C., Hugh J. Beins, Jonathan G. Axelrod, Bethesda, Md., Thomas H. Kohn, Alexandria, Va., Jay J. Levit, Richmond, Va., and Robert M. Baptiste, Washington, D. C., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Plaintiff initiated this action *pro se* on 10 March 1978 charging defendant company and defendant local and national unions with a racially discriminatory discharge and seniority system. On 18 July 1978 the Court granted plaintiff's motion for appointment of counsel and plaintiff has been so represented since that time.

After appropriate discovery, defendant company, ITT Continental Baking Company, Inc., moved this Court for summary judgment and filed supporting affidavits with its motion. Plaintiff has replied to the company's motion and it is now ripe for adjudication.

Defendant company sets out seven reasons for granting its motion. Plaintiff's reply, in essence, admits the validity of all seven reasons. The only point that plaintiff does not directly admit is that the action complained of is not a continuing one.

Even this point is conceded in plaintiff's admission that his employment was terminated in August of 1974. In all other respects plaintiff simply does not contest the bases for granting the motion for summary judgment. In the Court's view no contest would be availing. There simply is no defense. Accordingly, the Court will grant defendant company's motion for summary judgment.

■ The only contested portion of defendant company's motion is in regard to granting defendant company attorney's fees and costs incurred in the defense of this action. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), sets out the standard for granting a defendant attorney's fees in a Title VII action. The claim must be either frivolous, unreasonable, or groundless or the plaintiff must have continued to litigate the matter after it became clear that the claim was of such a nature.

In this case defendant meets all parts of the test. Plaintiff's reply to defendant's motion for summary judgment coupled with the Court's independent view of the futility of any defense to the motion, convinces the Court that the action is groundless. The total absence of any basis for suit renders its filing frivolous. When plaintiff's deposition testimony is read it becomes clear that his contentions are unreasonable. The fact that plaintiff's counsel was appointed in August of 1978 and this matter is before the Court in April 1979 is evidence that plaintiff continued to litigate long after the matter could and should clearly have been seen as meritless.

The Court is now convinced that the case was filed either in total ignorance of the law or for spite or nuisance value. Plaintiffs cannot be suffered to file baseless, groundless, frivolous suits, without circumspection or without consideration of the costs, expense, trouble, time, and effort which will have to be expended by defendant, by Court personnel, by opposing counsel, by appointed counsel and by others. The "nothing to lose" syndrome of *in forma pauperis* proceedings cannot be permitted

to become an expensive drain on employers to satisfy the whim of heedless or spiteful ex-employees.

Accordingly, defendant company will be granted reasonable attorney's fees and costs.

An appropriate order shall issue.