**Howard KYLES, Plaintiff–Appellant,**

v.

**FIRST TENNESSEE BANK, N.A., Memphis, Defendant–Appellee.**

**No. 79–1157.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 13, 1980.

Decided Nov. 12, 1980.

Rehearing and Rehearing En Banc Denied Dec. 17, 1980.

Ruby R. Wharton, Adams & Wharton, A. C. Wharton, Memphis, Tenn., for plaintiff–appellant.

Maurice Wexler, Heiskell, Donelson, Adams, Williams & Kirsch, William F. Kirsch, Jr., Stephen Wakefield, Memphis, Tenn., for defendant–appellee.

Before EDWARDS, Chief Judge, MARTIN, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order dismissing an action brought pursuant to Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* The District Court held the complaint was not timely filed in accordance with the ninety–day jurisdictional requirement of Section 706(f)(1) of Title VII.

On July 30, 1975, appellant Kyles filed with the United States Equal Employment Opportunity Commission (EEOC) a discrimination charge against appellee First Tennessee Bank alleging he was laid off and discharged because of his race on July 29, 1975. A Letter of Determination was forwarded to Kyles on September 14, 1976 informing him that the EEOC found reasonable cause to believe the alleged charges were true. On December 2, 1977, Kyles was advised that a lawsuit had been filed by the EEOC and he had a right to intervene. Subsequently, on March 18, 1978, Kyles received a "Notice of Right to Sue" from the EEOC. This notified him he could institute a civil action within ninety days of receipt.

On June 16, 1978, within the ninety–day time allotment prescribed, Kyles filed a Motion to Intervene in the already pending EEOC action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure claiming himself a "person aggrieved" within the meaning of Section 706(f)(1), 42 U.S.C. § 2000e–5(f)(1). Accompanying the motion was a Complaint in Intervention setting forth additional allegations of discrimination. The District Court on August 15, 1978 granted the Motion to Intervene in the EEOC case. However, this order restricted the scope of the Complaint in Intervention to charges that Kyles had been denied promotions on the basis of race. The Court found that "while the EEOC has raised issues identical to those raised by the petitioner, the EEOC's interest is centered on vindicating public rights and securing prospective relief rather than plaintiff's individual claims of entitlement." In concluding, the Court gave plaintiff the option of withdrawing his petition to intervene and filing a separate action or intervening under the conditions set forth. Petitioner was allowed twenty days from August 15, 1978 to file an amended complaint in interven-

tion, which he did on September 5, 1978. He filed a separate complaint on that date. As determined by the District Court, the separate complaint was not timely filed. The Court determined that the last day for filing the separate complaint was June 16, 1978, or ninety days from the date of the EEOC right to sue letter.

In light of our decisions in *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. En Banc 1980), and *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980), we vacate the dismissal of the separate action filed by appellant and remand the case to the District Court. It would appear that the statutory time limit was complied with in that the separate complaint was tendered on June 16, 1978 when appellant sought intervention in the EEOC case.

The judgment of the District Court is reversed and the case remanded.