Melanie WATSON

v.

REPUBLIC AIRLINES, INC.

Civ. A. No. C82–1359.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 30, 1982.

Sonja L. Salo, Atlanta, Ga., for plaintiff.

C. Michael Hardman, Fisher & Phillips, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This action, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, is before the Court on the Defendant's Motion to Dismiss and Motion for Summary Judgment.

### I. *Facts*

On April 13, 1967, Melanie Watson was employed as a flight attendant by Southern Airways, which is now Republic Airlines, Inc. Pursuant to Southern Airways' policy of requiring flight attendants to resign or be terminated from employment upon becoming pregnant, Ms. Watson resigned on July 17, 1969.

At the time of Ms. Watson's resignation, a new contract was being negotiated between Southern Airways and the flight attendants. This new contract, which contained provisions for maternity leave for flight attendants, was signed in September of 1969 and was made retroactive to June of 1969. Ms. Watson claims that she was not notified of this contract and was not offered the possibility of reinstatement.

In March of 1974, Ms. Watson states that she became aware of the new company policy of offering maternity leave. At that time, she wrote a letter to the company requesting reinstatement. This request was denied. In August of 1980, she submitted an application for reinstatement, which was also denied. Ms. Watson made approximately four or five requests for reinstatement during the period from August of 1980 to March of 1981. She was granted an interview in May of 1981, but was not rehired by Republic. Ms. Watson claims that she made further inquiries about reinstatement up until April of 1982. The Plaintiff filed her Complaint in this suit on June 30, 1982.

At no time prior to instituting this action has Ms. Watson filed a charge with the Equal Employment Opportunity Commission ("EEOC") or attempted to pursue any legal remedies. Ms. Watson maintains that she relied on statements made by representatives of Republic Airlines that she had "no legal grounds for reinstatement because of the fact that [she] did not file a charge with the EEOC." Affidavit of Melanie Watson at 2.

The Plaintiff seeks the following relief: reinstatement in her former job or an equivalent position, accrued seniority, attorney's fees, costs and such other relief as the Court believes is proper.

### II. *Discussion*

#### A. Defendant's Motion to Dismiss

The Defendant contends that the Complaint should be dismissed because the Court lacks subject matter jurisdiction. This is claimed to be a product of the Complaint's failure to allege the timely filing of an EEOC charge.

Before bringing a Title VII action in federal district court, a private plaintiff must file a complaint with the EEOC against the discriminating party within 180 days of the alleged discrimination and must receive notice of the right to sue that party named in the charge. *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 999

(11th Cir.1982). *Accord Pinkard v. Pullman-Standard, A Division of Pullman, Inc.,* 678 F.2d 1211, 1215 (5th Cir.1982).[1]

Section 2000e–5 of Title 42 of the United States Code provides in relevant part:

\* \* \* \* \* \*

(e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge ... shall be served upon the person against whom such charge is made within ten days thereafter. ...

(f)(1) ... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved. ...

Republic Airlines asserts that the procedural requirements outlined in 42 U.S.C. § 2000e–5(e) and (f)(1) are jurisdictional prerequisites to instituting a suit in a federal district court.

The Supreme Court in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) addressed this very issue. The Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." 102 S.Ct. at 1132 (footnote omitted). Recently, the Eleventh Circuit in *Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992 (11th Cir.1982) concluded that the procedural requirements outlined in 42 U.S.C. § 2000e–5, which includes the filing of a charge with the EEOC, are not "jurisdictional prerequisites, which if not satisfied deprive federal courts of subject matter jurisdiction." 678 F.2d at 1001 (footnote omitted). *Accord Scarlett v. Seaboard Coast Line Railroad Co.,* 676 F.2d 1043, 1049 (5th Cir.1982). In addition, the Eleventh Circuit has held that the receipt of a right-to-sue letter from the EEOC is not a jurisdictional prerequisite to bringing a Title VII suit in federal court. *Jackson,* 678 F.2d at 999–1010. *Accord Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1217–18 (5th Cir. 1982).

The Motion to Dismiss is Denied.

**B. Defendant's Motion for Summary Judgment**

The Defendant, in a separately filed Motion for Summary Judgment, also argues that the Plaintiff failed to plead and prove compliance with the mandatory conditions precedent to the initiation of a Title VII action in district court.[2] Specifically, the

1. The Eleventh Circuit adopted as binding precedent all post-September 30, 1981 decisions of Unit B en banc court or Unit B panel of former Fifth Circuit. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

2. In contrast to the Defendant's argument, the Plaintiff states that "the Plaintiffs in *Zipes* also did not at any time file a complaint with the EEOC." Plaintiff's Brief in Opposition and Response to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment ("Plaintiff's Brief") at 4. The Plaintiff then goes on to ask: "If a party does not have to file a charge with the EEOC to give a Court jurisdiction, *Zipes,* supra, then how can a party be

required to affirmatively plead pre-conditions have been met in order to maintain a suit?" Plaintiff's Brief at 5. As the Defendant points out, the Plaintiff's interpretation of *Zipes* is not correct. *Zipes* was a class action. Because relief under Title VII "may be awarded on a class basis ... without exhaustion of administrative procedures by the unnamed class members," only the class representatives in *Zipes* were required to satisfy the conditions precedent to instituting a suit. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 2370 n. 8, 45 L.Ed.2d 280 (1975). The above rule is to be contrasted with a private Plaintiff who must prove that all conditions precedent have been satisfied. *Jackson,* 678 F.2d at 1010.

Defendant argues that the Plaintiff's failure to file a timely charge with the EEOC—or for that matter, any EEOC charge at all—entitles the Defendant to judgment in its favor.

■ Because the Court elects to dispose of this Motion upon the face of the pleadings, we will treat the Defendant's motion as a Motion to Dismiss for failure to allege performance of conditions precedent. When deciding a Motion to Dismiss, the material allegations are treated as admitted, and the Complaint should be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404, *reh'g. denied,* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). The Complaint should not be dismissed "unless it appears that [the Plaintiff] could 'prove no set of facts in support of his claim which would entitle him to relief.' " *Jenkins,* 395 U.S. at 422, 89 S.Ct. at 1849, quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ Even though the filing requirements are not jurisdictional in nature, they are necessary prerequisites—conditions precedent—to filing a claim in federal court. *Jackson,* 678 F.2d at 1009–10. *See also Pinkard,* 678 F.2d at 1217 (receipt of right-to-sue letter is condition precedent). In fact, the former Fifth Circuit, in a case very similar to the instant case, stated that the "[f]ailure to file a charge of discrimination within the statutory period entitled [the defendant] to treat the past act as lawful." *McMonigle v. Delta Air Lines, Inc.,* 556 F.2d 1261 (5th Cir.1977) (per curiam) (cite omitted).[3]

The Eleventh Circuit, in *Jackson,* summarized the rules relating to conditions precedent. There, the circuit court stated that:

> Our holding does not mean that plaintiffs no longer must prove that they have satisfied the conditions precedent to a Title VII action. To the contrary, a plaintiff must generally allege in his complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled." Fed.R.Civ.P. 9(c). If the defendant doubts the veracity of the plaintiff's allegation, in whole or in part, then the defendant may deny "specifically and with particularity" that the preconditions have not been fulfilled. *Id.* The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied. If, however, the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.

678 F.2d at 1010 (cites omitted).

■ In the case at bar, the Plaintiff has not alleged in her Complaint that she satisfied the conditions precedent to bringing a Title VII suit. In fact, the Plaintiff admits that she never filed a charge with the EEOC. The Court therefore grants the Defendant's Motion to Dismiss for failure to allege performance of the conditions precedent to instituting this suit.[4]

■ Because the Court has the power to allow the Plaintiff to amend her Complaint, an issue remains whether the Plaintiff should be granted leave to amend. In general, amendment should be freely allowed, unless it appears reasonably certain that no evidence is available that would enable the Plaintiff to allege satisfactorily the conditions precedent. Therefore, the Court must look to see whether the Plaintiff can ever allege that a timely charge was filed with the EEOC or whether the Plaintiff's claim is presently time barred.

---

3. Decisions of the Fifth Circuit handed down prior to September 30, 1981, are binding precedent unless overruled or modified by the Eleventh Circuit en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209–10 (11th Cir.1981).

4. Because of the above conclusion, the Court need not address the other argument raised by the Defendant—that there could not have been any sex discrimination because Southern Airways only employed women flight attendants at the time of Ms. Watson's resignation.

■ The 180 day period to file an EEOC charge operates like a statute of limitations. *Zipes v. Trans World Airlines, Inc.,* 102 S.Ct. at 1132 (cited with approval by the Eleventh Circuit in *Jackson,* 678 F.2d at 1006).[5] This 180 day "limitations period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred." *McWilliams v. Escambia County School Board,* 658 F.2d 326, 328 (5th Cir.1981). In the instant case, the Plaintiff resigned on July 17, 1969. Therefore, the 180 day period for filing a charge with the EEOC began to run on that date. Even if the Plaintiff's claim that she did not know that she was entitled to maternity leave until March, 1974 is accepted as true and even if the challenged act is characterized as the company's refusal to apply the provisions of the new contract to Ms. Watson, the 180 day limitations period for filing a charge has elapsed.

■ This limitations period, however, is a requirement that is subject to waiver, estoppel and equitable tolling. *Zipes,* 102 S.Ct. at 1132. Therefore, the Court in deciding whether to permit the Plaintiff to amend her Complaint, must determine whether the record clearly establishes that the defendant has not waived the right to raise the 180 day limitations period as a defense, whether the Defendant should be estopped from raising this condition precedent and whether there are any equitable considerations for tolling the limitations period.

■ The Court finds that the Defendant did not waive the right to assert the claim that the Plaintiff did not file a charge with the EEOC within the 180 day limitations period. Waiver is defined as "[t]he renunciation, repudiation, abandonment, or surrender of some claim, right, privilege, or of the opportunity to take advantage of some defect, irregularity, or wrong."[6] In the instant case, the Defendant raised the claim in its Answer and Affirmative Defenses and has addressed the Plaintiff's failure to file a charge with the EEOC in both its Motion to Dismiss and Motion for Summary Judgment.[7]

**5.** The Plaintiff claims that the statute of limitations in the instant case is not determined by the procedural rules for instituting a suit under Title VII. Instead, the Plaintiff alleges that the applicable statute of limitations for employment discrimination actions is twenty years pursuant to Ga.Code Ann. § 3–704. The Court rejects this argument. As the Defendant has pointed out, in a well-researched Reply Memorandum in Support of Defendant's Motion for Summary Judgment, the requirement that a party file a charge with the EEOC within the 180 days of a discriminatory act serves as a statute of limitations. *Zipes,* 102 S.Ct. at 1132; *Jackson,* 678 F.2d at 1003; *cf., Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980) (characterizing 180 day filing requirement as a "limitations period").

None of the cases cited by the Plaintiff support the proposition that the applicable statute of limitations is twenty years. All of the cited cases are distinguishable from the instant case. In fact, the Plaintiff's argument was rejected in *Stroud v. Delta Airlines, Inc.,* 392 F.Supp. 1184, 1190 (N.D.Ga.1975), *aff'd,* 544 F.2d 892 (1977), *cert. denied,* 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110 (1978). In addition, the Plaintiff cannot rely on cases dealing with claims arising under 42 U.S.C. § 1981. The Plaintiff's present action was brought pursuant to 42 U.S.C. § 2000e, and the Plaintiff's claim alleging sex discrimination can not be maintained under 42 U.S.C. § 1981. *Bobo v. ITT, Continental Baking Co.,* 662 F.2d 340, 345 (5th Cir.1981) (footnote omitted).

In *Draper v. United States Pipe and Foundry Co.,* 527 F.2d 515 (6th Cir.1975), the Sixth Circuit rejected a claim similar to the one being presented by the Plaintiff. The Court held that "Title VII establishes its own statute of limitations, and state law is irrelevant in determining whether a private individual has lost his right of action under Title VII through the passage of time." 527 F.2d at 522. *See also Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 372, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977) ("[T]he benchmark, for purposes of a statute of limitations, is ... commencement of the proceeding before the administrative body.").

**6.** Black's Law Dictionary 1417 (rev. 5th ed. 1979).

**7.** *Cf., Rice v. New England College,* 676 F.2d 9 (1st Cir.1982). In *Rice,* the Plaintiff failed to file her complaint within the 90 day period following receipt of the right-to-sue notice. The Motion to Dismiss was not filed until after the answer. The Court found that the Defendant had not waived the right to object to the Plaintiff's failure to comply with the time periods and stated that their conclusion might have

In addition, the Court finds that the Defendant is not estopped from raising this claim. Estoppel means that a

> party is prevented by his own acts from claiming a right to detriment of other party who was entitled to rely on such conduct and has acted accordingly . . . . [The e]lements or essentials of estoppel include change of position of parties so that party against whom estoppel is invoked has received a profit or benefit or party invoking estoppel has changed his position to his detriment.[8]

The Plaintiff, in the instant case, is claiming that she relied on statements by Republic Airline's representatives. According to the Plaintiff, these representatives told her that she was not entitled to reinstatement because she did not file a charge with the EEOC. This argument is circular and meritless. The representatives' statements did not cause the failure to comply with the filing requirement. In fact, Ms. Watson had no contact with the Defendant during the 180 day period following the challenged discriminatory act. Even if the Court treats April 10, 1974, the date Southern Airways denied reinstatement to the Plaintiff, as the date of the discriminatory act, there is no reason to conclude that the Defendant caused Ms. Watson not to file a charge with the EEOC. Although employees of Republic Airlines may have told Ms. Watson that she had no justifiable legal claim, this is not the kind of conduct that would warrant a finding of estoppel. The Court distinguishes the facts of the instant case from a situation in which an employer leads a discharged employee to believe, until after the 180 day period for filing a

charge has expired, that he or she will be rehired and given the requested relief.

Finally, the 180 day filing requirement is "subject to equitable tolling which can occur where an 'employer prevent[s] the employee from asserting his or her rights by actively concealing them or misleading the discharged employee as to the true reason for the discharge.'" *Vuksta v. Bethlehem Steel Corp.,* 540 F.Supp. 1276, 1279 (E.D.Pa.1982), quoting *Hart v. J.T. Baker Chemical Corp.,* 598 F.2d 829, 832 (3d Cir. 1979). *Accord EEOC v. Chrysler Corp.,* 683 F.2d 146, 149 n. 1 (6th Cir.1982).[9]

The former Fifth Circuit has described three distinct situations in which equitable considerations have been applied to interrupt or delay the § 2000e–5(e) limitations period.[10]

> First, the Supreme Court has upheld the tolling of the time period during the pendency of an action before a state court which had jurisdiction over the subject matter of the suit, but which was the wrong forum under state law . . . . Second, [the Fifth Circuit] has upheld deferring the commencement of the running of the 180-day period until the claimant knew or should have known the facts which give rise to his Title VII claim [because] it is unfair to allow a defendant to conceal facts that support the plaintiff's cause of action and then to rely on the statute of limitations to bar the suit when a duly diligent plaintiff was unable to discover those facts. Third, . . . equitable modification is appropriate when the EEOC misleads a complainant about the nature of his rights under Title VII.

---

been different "if the answer had neglected to assert the statute." 676 F.2d at 10. In the instant case, the Motion to Dismiss was filed before the Answer. As stated above, the Motion to Dismiss discussed the procedural requirement as a jurisdictional prerequisite and did not discuss the Plaintiff's failure to comply with conditions precedent. The Court finds, however, that the Defendant has "assert[ed] the statute" consistently and there has been no waiver.

**8.** Black's Law Dictionary 494 (rev. 5th ed. 1979).

**9.** The instant case is distinguishable from cases where employers pursue "a course of secrecy and concealment in their dealings" with discharged employees and where parties are told by EEOC personnel that the EEOC cannot provide relief. *Jones v. Cassens Transport,* 538 F.Supp. 929, 932 (E.D.Mich.1982).

**10.** *Chappell v. Emco Machine Works Co.,* 601 F.2d 1295 (5th Cir.1979).

*Chappell,* 601 F.2d at 1302–03 (cites omitted).

The facts of the instant case do not fit into any of the three situations described above. First, there was no pending action in any court prior to the expiration of the 180 day period. Second, Ms. Watson was aware of the reason for her forced resignation and Republic Airlines did not conceal any facts from Ms. Watson. Even after Ms. Watson requested reinstatement, Republic Airlines never led the Plaintiff to believe that she would be reinstated. Third, Ms. Watson does not claim that the EEOC misled her.

The Court concludes that there are no equitable considerations which would warrant tolling the 180 day filing requirement. Even if the Court views the facts in the light most favorable to the Plaintiff, and therefore most damaging to the Defendant, there is no reason to conclude that Southern Airways or Republic Airlines misled Ms. Watson or prevented her from filing a timely charge with the EEOC.

Thus, because Ms. Watson has admitted that she never filed a timely charge with the EEOC, because the parties have provided the Court with additional facts in their Affidavits supporting the statement that Ms. Watson never filed a charge with the EEOC, and because Ms. Watson cannot at this time file a timely charge, the Court will not permit the Plaintiff to amend the Complaint.

C. Defendant's request for costs and attorney's fees

Republic Airlines asserts that it is entitled to an award of costs, including attorney's fees, for the defense of the Plaintiff's claim.

Section 2000e–5(k) of Title 42 of the United States Code provides in relevant part that:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs. . . .

■ Under this section, a prevailing plaintiff should ordinarily be awarded attorney's fees. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978). However, the reason for the policy of awarding attorney's fees to a prevailing plaintiff—to encourage the vindication of civil rights through private litigation—does not support the liberal award of attorney's fees to a prevailing defendant.

■ The Supreme Court, in *Christiansburg,* addressed the question that is before the Court in the instant case. That is, when should a prevailing defendant be awarded attorney's fees. The Supreme Court stated that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. at 421, 98 S.Ct. at 700.[11] *Accord Nilsen v. City of Moss Point, Mississippi,* 621 F.2d 117, 122 (5th Cir.1980); *Moss v. ITT Continental Baking Co.,* 468 F.Supp. 420, 19 Fair Empl. Prac.Cas. (BNA) 861, 862 (E.D.Va.1979); *Brown v. Lakeside Country Club,* 19 Fair Empl.Prac.Cas. (BNA) 796, 799 (S.D.Tex. 1979). In addition, a prevailing defendant should be awarded attorney's fees if the plaintiff continues the case after it becomes obvious that the claim was frivolous, unreasonable or groundless. 434 U.S. at 422, 98 S.Ct. at 700.

■ The Court concludes that the Defendant should not be awarded attorney's fees. The Plaintiff's action in bringing this suit against Republic Airlines, Inc. was not "frivolous, unreasonable, or without foundation."

The facts of the instant case are similar to those in *Nilsen v. City of Moss Point,* 621 F.2d at 117. In that case, the Plaintiff

---

**11.** The Supreme Court in *Christiansburg* also framed the test as whether the action is "unreasonable, frivolous, meritless or vexatious." 434 U.S. at 421, 98 S.Ct. at 700.

brought three Title VII sex discrimination actions against the city. The Defendants, in the second and third suit, were granted summary judgment because the Plaintiff had failed to satisfy procedural requirements. The District Court did not award attorney's fees to the Defendant in either the second or third suit, stating that the Plaintiff's claims were not " 'frivolous, unreasonable or groundless,' " and the plaintiff did not continue " 'to litigate after it clearly became so.' " 621 F.2d at 122. The former Fifth Circuit affirmed this finding. *Cf., Little v. Southern Electric Steel Co.,* 595 F.2d 998 (5th Cir.1979) (Court held that where there was no evidence of actual knowledge that Title VII jurisdiction had lapsed, "filing of the suit on plaintiff's behalf by experienced trial counsel could not support a finding by the trial court that such action by a lay plaintiff was 'frivolous, unreasonable or without foundation.' " 595 F.2d at 1005).

The Supreme Court recently held in *Zipes* that the filing requirement is not jurisdictional in nature, but is instead a limitations period subject to waiver, estoppel and equitable tolling. The Plaintiff filed her Complaint after the Supreme Court decided *Zipes.* The Plaintiff argues that "[p]rior to the *Zipes* decision the Plaintiff could not maintain a cause of action under Title VII due to the fact that the prior case holdings in effect gave the Plaintiff no cause of action because the Courts lacked jurisdiction to hear the matter as the jurisdictional prerequisites had not been met." Plaintiff's Brief at 9. Even though the Court has decided that the Defendant is entitled to a dismissal of the Complaint, the test enunciated in *Christiansburg* for granting the attorney's fees to prevailing defendants has not been met. As the Supreme Court stated, "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." 434 U.S.

at 422, 98 S.Ct. at 701. The Plaintiff, in the case at bar, had some basis for concluding that the law articulated in *Zipes* might allow her to prevail on her claim for reinstatement. "[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg,* 434 U.S. at 421–42, 98 S.Ct. at 700. The Court therefore concludes that the Defendant is not entitled to an award of attorney's fees.

■ The Defendant is also requesting an award of costs. In an employment discrimination action, a district court has discretion to award costs pursuant to Federal Rule of Civil Procedure 54(d) to a prevailing defendant. *Allen v. United States Steel Corp.,* 665 F.2d 689, 697 (5th Cir.1982).[12] The Court assumes that the costs that Republic Airlines is seeking to recover will be recoverable if the Defendant files a proper Bill of Costs.

III. *Conclusion*

The Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED.

The Defendant's Motion to Dismiss for failure to allege performance of conditions precedent is GRANTED.

---

**12.** The Defendant also cites 28 U.S.C.A. § 1927 as support for this claim for an award of costs. Section 1927 discusses counsel's liability for excessive costs when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." The Court finds that the Plaintiff's counsel has not "multiplied the proceedings" in such a manner. Therefore, this section is not applicable to the instant case.