**Sharon D. BANKS, Plaintiff,**

v.

**TELETYPE CORPORATION, Defendant.**

**No. LR–C–83–336.**

United States District Court,
E.D. Arkansas, W.D.

June 3, 1983.

P.A. Hollingsworth, Little Rock, Ark., for plaintiff.

. Michael S. Moore, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

WOODS, District Judge.

Plaintiff filed her complaint on April 15, 1983 alleging racial discrimination in employment in violation of 42 U.S.C. §§ 1981 and 2000e. Defendant seeks judgment as a matter of law on plaintiff's Title VII claim asserting that the applicable limitations period expired prior to the filing of the complaint. The issue presented is both novel and difficult.

Summary judgment may only be entered where it is clear from the pleadings, depositions, affidavits and admissions filed in the case that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c) Fed.R.Civ.P., *Poller v. Columbia*

*Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). In applying this standard to motions for summary judgment, the Eighth Circuit has approved a number of guiding principles:

> To obtain a summary judgment, the movant must demonstrate the absence of any genuine issue of material fact, and the evidence submitted to the court "must be viewed in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Movant must show "his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Ozark Milling Co. v. Allied Mills, Inc.,* 480 F.2d 1014, 1015 (8th Cir.1973); *accord, Cervantes v. Time, Inc.* 464 F.2d 986, 993 (8th Cir.1972), *cert. denied,* 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973). In determining whether a genuine issue of material fact exists, the court must give the nonmoving party the benefit of all reasonable factual inferences. *Adickes v. S.H. Kress & Co., supra,* 398 U.S. at 158–59, 90 S.Ct. 1598 [1608–09]; *McSpadden v. Mullins,* 456 F.2d 428 (8th Cir.1972), and must do so without assessing credibility. *United States v. United Marketing Association,* 291 F.2d 851, 853–54 (8th Cir.1962).

The operative facts on the pending limitation issue are not in dispute. (In fact, plaintiff admits there is no genuine issue of material fact in paragraph 2 of her response

to defendants' motion for summary judgment.) Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission on October 1, 1982. Seventy-five (75) days later, plaintiff made application to intervene in *Webb v. Teletype,* No. LR–C–80–17. This application to intervene was denied on March 23, 1983. Twenty-three (23) days later plaintiff filed the instant complaint.

■ The controlling limitations period is found at 42 U.S.C. § 2000e–5(f)(1). A Title VII plaintiff has 90 days from the receipt of his/her right to sue letter to file a complaint in federal court. This 90 day limitation period is subject to waiver, estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).[1]

■ Excluding the time during which the plaintiff had a motion to intervene pending in *Webb v. Teletype, supra,* ninety-eight (98) days elapsed from the time plaintiff received her right to sue letter and the date on which she filed her complaint.[2] Plaintiff argues that this period should somehow be equitably tolled to permit plaintiff to proceed on her Title VII claim. No formal argument of waiver or estoppel is presented.[3] However, plaintiff argues that, consistent with the remedial purposes of Title VII as emphasized in *Zipes v. Trans World Airlines, supra,* defendant had notice of plaintiff's claim and, therefore, the limitation period should not be applied to her filing in federal court. This argument

---

1. While *Zipes v. Trans World Airlines, Inc., supra* dealt with the 180 day filing period before the EEOC, it is clear that this statute of limitations defense analysis will control in a case such as the instant one dealing with the 90 day period governing filing suit in federal court. *Mohasco Corp. v. Silver,* 447 U.S. 807, 811, fn. 9, 100 S.Ct. 2486, 2490, fn. 9, 65 L.Ed.2d 532 (1980).

2. While the defendant argues that the time which elapsed during the pendency of the intervention application should be included in the calculation of the limitations period, it is unnecessary to reach this issue in light of the court's ruling on defendant's other contention.

3. "Waiver is defined as '[t]he renunciation, repudiation, abandonment, or surrender of some claim, right, privilege, or of the opportunity to take advantage of some defect, irregularity, or wrong.' (Black's Law Dictionary 1417 (Rev. 5th of 1979) .... Estoppel means that 'a party is prevented by his own acts from claiming a right to detriment of other party who was entitled to rely on such conduct and has acted accordingly .... [The e]lements or essentials of estoppel include change of position of parties so that party against whom estoppel is invoked has received a profit or benefit or party invoking estoppel has changed his position to his detriment.' Black's Law Dictionary 494 (rev. 5th ed.1979)." *Watson v. Republic Airlines, Inc.,* 553 F.Supp. 939, 944–45.

overlooks the fact that *Zipes v. TWA, Inc., supra* involved the 180 day EEOC charge limitation period which has consistently been construed to concern notice to the employer of the employee's complaints. To hold that simple notice to the employer is the only focus of the 90 day limitation period would have the effect of rendering the 90 day limitation period a nullity. On the contrary, this 90 day limitation period is a separate statute of limitations governing the period within which one must institute suit in federal court after receipt of the EEOC right to sue letter.

Absent equitable tolling, plaintiff's Title VII claim must be dismissed as untimely. There is no indication from *Zipes v. TWA, Inc., supra,* that the statutes of limitation embodied in 42 U.S.C. 2000e–5(f)(1) should be treated any differently from other limitation periods when considering arguments of equitable tolling. Indeed other courts have so held. *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 366 (D.C.Cir. 1982); *Graves v. University of Michigan, Etc.,* 553 F.Supp. 532 (E.D.Mich.1982). "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Rice v. New England College,* 676 F.2d 9 (1st Cir. 1982) citing, *Goodman v. City Products Corp.,* 425 F.2d 702 (6th Cir.1970).

There are no allegations that the defendant somehow misled the plaintiff causing her to file the complaint in an untimely fashion. *See, e.g., Hrzenak v. White-West-inghouse Appliance Co.,* 682 F.2d 714, 718 (8th Cir.1981); *Lawson v. Burlington Industries, Inc.,* 683 F.2d 862, 864 (4th Cir.1982), *Cottrell v. Newspaper Agency Corporation,* 590 F.2d 836 (10th Cir.1979), *Wilkerson v. Siegried Ins. Agency, Inc.,* 683 F.2d 344, 348 (10th Cir.1982); *E.E.O.C. v. Chrysler Corp.,* 683 F.2d 146, 149 fn. 1 (6th Cir.1982). This is not the sort of case where it can be said that the plaintiff did everything she could to prosecute her case. *Waiters v. Robert Bosch Corp.,* 683 F.2d 89, 92 (4th Cir.1982). Nothing prevented plaintiff from filing her Title VII claim in a timely manner.

*Kyles v. First Tennessee Bank, N.A.,* 634 F.2d 349 (6th Cir.1980) cited by plaintiff is not controlling. In that case the Sixth Circuit was faced with a situation wherein limited intervention had been granted and an extension of time had been extended to the plaintiff to proceed as limited or to proceed on a separate complaint. Here the facts are distinguishable in that intervention was denied and no extensions were granted. An application of the plaintiff's interpretation of the *Kyles* case or the extension of the limitations period for some "reasonable" period after the intervention denial would be inconsistent with the approach taken by the Supreme Court in tolling federal statutory limitations periods:

> Similarly, to toll the federal statute for a "reasonable time" after the state court orders the plaintiff's action dismissed would create uncertainty as to exactly when the limitation period again begins to run . . . . We conclude that a uniform rule tolling the federal statute for the period of the pendency of the state court action and until the state court dismissal order becomes final is fair to both plaintiff and defendant, carries out the purposes of the FELA, and best serves the policies of uniformity and certainty underlying the federal limitation provision.

*Burnett v. New York Central R. Co.,* 380 U.S. 424, 435–36, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1964).

Applying the rationale of the *Burnett v. New York Central R. Co.* decision to the instant litigation, the Court has no alternative except to limit the tolling of the 90 day period to the period of time during the pendency of the motion to intervene.

In light of the foregoing, the defendant's motion for partial summary judgment is granted and plaintiff's Title VII claims are dismissed.